IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. VARDON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:11cv352-MEF |
| | ) |
| CITY OF MONTGOMERY, ALABAMA | ) |
| RETIREMENT FUND, | ) |
| | ) |
|    Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, James M. Vardon ("Vardon"), a former employee of the City of Montgomery, alleges that defendant City of Montgomery Retirement Fund discriminated against him by failing to allow him to apply for retirement benefits and for failing to award him retirement benefits. Vardon seeks payment of retirement benefits in the amount of $1500 per month. The court has jurisdiction of this claim pursuant to its diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).[1]

---

[1] Also pending before the court is the defendant's motion to dismiss or in the alternative motion for a more definite statement (doc. # 5). The defendant asserts that this court does not have jurisdiction over this action. A federal district court may exercise subject matter jurisdiction over a civil action in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount is met. *See Id.* There is no dispute that the parties in this case are diverse.

    The defendant asserts that the plaintiff cannot reach the jurisdictional amount in controversy because the plaintiff seeks only payment of retirement benefits from June 2009 until present. *See* Doc. # 5. According to the defendant, the amount of damages is $36,000. However, if the plaintiff is successful on his claim, he would be entitled to retirement benefits in the amount of $1500 from June 2009 until his death. In less than two years, the plaintiff would accumulate more than $75,000 in retirement benefits. According

This action is now pending before the court on the defendant's motion for summary judgment. (Doc. # 24). The plaintiff has filed a response to the motion. The court has carefully reviewed the motion for summary judgment and the parties' submissions and concludes that the defendant's motion for summary judgment is due to be denied because it does not comport with the requirements of FED.R.CIV.P. 56.

Under FED. R. CIV. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.

When considering the motion for summary judgment, the court has carefully reviewed the defendant's evidentiary materials in support of the motion. "Generally, documents must be properly authenticated in order for them to be considered on summary judgment." *Bozeman v. Orum*, 199 F.Supp.2d 1216, 1222 (M.D. Ala. 2002) *citing Burnett v. Stagner*

---

to the plaintiff, he is presently a healthy 64 years old. Thus, from the face of the complaint, it appears that the amount in controversy exceeds $75,000. Consequently, the defendant's motion to dismiss, or in the alternative, motion for more definite statement (doc. # 5) is due to be denied.

*Hotel Courts, Inc.*, 821 F.Supp. 678, 683 (N.D. Ga. 1993).  The defendant cannot rely on inadmissible evidence to support its motion for summary judgment.  *See Home Depot U.S.A., Inc., v. U.S. Fire Ins. Co*., 299 Fed. Appx. 892, 895 (11th Cir. 2008).

> For a document to be considered in support of or in opposition to a motion for summary judgment, it must be authenticated by an affidavit that meets the requirements of the summary judgment Rule 56(e), FED.R.CIV.P. *See First National Life Insurance Company v. California Pacific Life Insurance Company,* 876 F.2d 877, 881 (11th Cir.1989); *see also McKenzie v. Citation Corp., LLC,* 2007 WL 1424555, *7 (S.D. Ala. May 11, 2007) (citation omitted); *Williams v. Eckerd Family Youth Alternative*, 908 F.Supp. 908 (M.D. Fla.1995) (citations omitted); *White v. Wells Fargo Guard Services,* 908 F.Supp. 1570, 1579 (M.D.Ala.1995) (citation omitted); *Burnett v. Stagner Hotel Courts, Inc.,* 821 F.Supp. 678, 683 (N.D.Ga.1993); aff'd, 42 F.3d 645 (11th Cir.1994) (citations omitted).

*Ripps v. Powers*, 2008 WL 5428195, *2 (S.D. Ala. 2008) *aff'd in part and rev'd in part on other grounds*, 356 Fed. Appx. 352 (11th Cir. 2009).

The documents submitted by the defendant in support of its motion for summary judgment are not authenticated.  The documents are not certified copies.  The defendant did not submit a supporting affidavit verifying the documents' authenticity.  Consequently, the documents lack the requisite evidentiary quality necessary for their consideration by this court on summary judgment.  Because the documents do not comport with FED.R.CIV.P. 56, the court may not consider them.  Thus, the court concludes that the defendant has failed to present any evidence in support of its motion for summary judgment, and thus, the motion is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the

defendant's motion to dismiss or in the alternative motion for more definite statement (doc. # 5) and the defendant's motion for summary judgment (doc. # 24) be DENIED.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **November 7, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of October 2011.

　　　　　　　　　　　　　　　　　　　/s/Charles S. Coody
　　　　　　　　　　　　　　　　　CHARLES S. COODY
　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE