IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES M. VARDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11cv352-MEF |
| ) | (WO) |
| CITY OF MONTGOMERY, ALABAMA ) | |
| RETIREMENT FUND, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

The plaintiff, James M. Vardon ("Vardon"), a former employee of the City of Montgomery, alleges that defendant City of Montgomery Retirement Fund discriminated against him by failing to allow him to apply for retirement benefits and for failing to award him retirement benefits. Vardon seeks payment of retirement benefits in the amount of $1500 per month. The court has jurisdiction of this claim pursuant to its diversity jurisdiction.[1] *See* 28 U.S.C. § 1332(a)(1).

This action is now pending before the court on the defendant's motion for summary judgment. (Doc. # 35). After being given an opportunity, the plaintiff has filed nothing in response or opposition to the motion. After careful consideration and review, the court concludes that the motion for summary judgment is due to be granted.

---

[1] Because the Employee Retirement System of the City of Montgomery is a governmental plan, the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(1)(B), does not apply. 29 U.S.C. § 1003(b)(1).

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute][2] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-324.

Once the movant meets his evidentiary burden and demonstrates the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists.

---

[2] Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

2

*Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

To survive the movant's properly supported motion for summary judgment, a party is required to produce "sufficient [favorable] evidence" "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001). Hence,

3

when a nonmoving party fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to its case and on which the nonmovant will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no

4

genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (to establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor). However, if there is a conflict in the evidence, "the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255; *Ruiz de Molina v. Merritt & Furman Ins. Agency*, 207 F.3d 1351, 1356 (11th Cir. 2000).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. With these principles of law in mind, the court will determine now whether summary judgment is appropriate and should be granted.

### III.  FACTS[3]

Plaintiff James M. Vardon was employed by the City of Montgomery as a Transportation Planner on November 12, 1981.  (Doc. # 35, Ex. 1 attached to Ex. 1).  At that time, Vardon contributed to the Employees Retirement System of the City of Montgomery. (Doc. # 35, Ex. 1).  "The Employees' Retirement System of the City of Montgomery is a retirement fund created under the laws of the State of Alabama and is not governed or controlled by the City of Montgomery."  (*Id.*)  When Vardon joined the Employees' Retirement System, he signed an acknowledgment regarding his deductions.

> I, the undersigned, understand that deductions will be made from my compensation in accordance with the provisions of the Retirement System law, and I understand that the full amount of such deductions will be returned to me if I leave the service without a retirement benefit or will be paid to my beneficiary or estate if I die prior to the commencement of payment of a retirement benefit.

(*Id.*)

The City of Montgomery terminated Vardon's employment on November 19, 1986. At that time, his total contributions to the Employees' Retirement System was $6,594.27. (*Id.* at Ex. 2 attached to Ex. 1).  On December 3, 1986, Vardon applied for the return of his contributions.  In his application, Vardon signed the following release:

> I, James M. Vardon, do hereby apply for the return of the amount of contributions heretofore made by me to the Employees' Retirement System, together with such interest as the Board shall allow.  *The return of my said*

---

[3] Although at this stage of the proceedings, this court takes the facts alleged by the non-movant as true and construes them in the light most favorable to it, the plaintiff has filed nothing in opposition to the motion for summary judgment.  The facts set forth herein are culled from the evidentiary material filed by the defendant, and the pleadings in this case.

> *contributions and interest shall be a complete satisfaction and discharge of any and all claims that I, my heirs or assigns, or my beneficiary, might otherwise have against any and all funds under the care and control of the Board of Trustees of the Employees' Retirement System of the City of Montgomery.* I request that a check drawn to my order for the amount due be sent to me at the address given below.
>
> *I understand that when I withdraw my contributions my membership is finally terminated* thereby and that if I thereafter return to service I must enter the System with the status of new entrant.
>
> I terminated my membership in the System by reason of my dismissal from my position on 11/19/1986 as Transportation Planner in Planning.

(*Id.*) (emphasis added).

On December 4, 1986, the Employees' Retirement System of the City of Montgomery sent Vardon a check in the amount of $6,594.27. (*Id*. at Ex. 3 attached to Ex. 1).

In 1997, Vardon requested retirement benefits from the Employees' Retirement System. (Doc. # 35, at 31). The Employees' Retirement System denied his request as he was not eligible for retirement benefits because he withdrew from the system in 1986. (*Id.*)

Vardon acknowledged that he received his accumulated contributions but sought to "buy back all of these contributions" in order to be eligible for retirement benefits. (*Id.* at 30). Vardon then offered the Employees' Retirement System a 'plan' in which he offered to purchase fifteen and a half (15 ½) years of service and six (6) years of military service in return for the Employees' Retirement System awarding him a monthly pension in the amount of $1100. (*Id*. at 28). Because Vardon was not an employee of the City of Montgomery, the Employees' Retirement System rejected his plan.

In 2006, Vardon attempted to apply for disability retirement. (*Id*. at 10). The Retirement System denied his application because he was not eligible for disability

retirement as he was not an employee of the City of Montgomery. (*Id*. at 9).

In June 2009, when Vardon turned 62 years old, he again attempted to apply for retirement benefits. (Doc. # 1, Compl. at 1). The Employees' Retirement System informed Vardon that he was not eligible for retirement benefits.

This lawsuit followed.

### IV.  DISCUSSION

Liberally construing his complaint, as the court is required to do, Vardon contends that he has been improperly denied retirement benefits, and/or the opportunity to apply for retirement benefits. Vardon does not identify the legal theory that he believes entitles him to relief. Regardless, under no legal theory is Vardon entitled to relief, and the defendant is entitled to judgment as a matter of law.

It is undisputed that when he was terminated, Vardon applied for and received the return of his total contributions to the Employees' Retirement Systems. At that time, Vardon signed a release acknowledging that

> [t]he return of my said contributions and interest shall be a complete satisfaction and discharge of any and all claims that I, my heirs or assigns, or my beneficiary, might otherwise have against any and all funds under the care and control of the Board of Trustees of the Employees' Retirement System of the City of Montgomery . . . I understand that when I withdraw my contributions my membership is finally terminated ."

(Doc. # 35, Ex. 2 attached to Ex. 1).

Vardon acknowledges that he received the return of his contributions. (Doc. # 35 at 30) ("I am aware that I was refunded my Pension benefits in 1986"). When Vardon elected

to withdraw his retirement contributions from the Employees' Retirement System, he relinquished any right to a retirement benefit from the Employee Retirement System. Vardon signed a release, and he cannot now avoid the effect of that release.

> The release was clear; there is no reason to believe that it did not represent the intent of the parties when it was executed. " 'In the absence of fraud, a release supported by a valuable consideration, unambiguous in meaning, will be given effect according to the intention of the parties....' " *Alabama Farm Bureau Ins. Co. v. Hunt*, 519 So.2d 480, 481-82 (Ala.1987), quoting *Conley v. Harry J. Whelchel Co.*, 410 So.2d 14, 15 (Ala.1982).

*Corbin v. Smith* 842 So.2d 610, 615 (Ala. 2002).

Therefore, Vardon has no right to apply for retirement benefits, no right to receive retirement benefits, and no basis for a claim against the Employees' Retirement System for its failure to award him retirement benefits.[4]

To the extent that the plaintiff alleges a pattern and practice claim of wrongful termination to prevent employees from obtaining retirement benefits[5], the defendant's motion for summary judgment on this claim is due to be granted. The plaintiff alleges no facts and makes no argument in response to the defendant's motion for summary judgment on this claim. He does not point to or otherwise provide the court with any evidence to substantiate his allegations of a pattern and practice of wrongful termination for the purpose of avoiding

---

[4] To the extent that Vardon's complaint can be read to assert a claim that he should have been allowed to 'buy back' his retirement, he is entitled to no relief on this basis. Vardon has pointed the court to no evidence or law that would suggest that he has legal right to "buy back" his retirement.

[5] In his amended complaint (doc. # 8), the plaintiff asserted that "[i]n the trial itself, I will be bringing up the City's long-standing "habit" of terminating employees just before they become eligible for a pension. . .." (*Id*. at 2).

the payment of retirement benefits. Unfortunately for the plaintiff, it is not the court's function to distill every generality into a cogent, adversarial argument. The onus is on the party opposing summary judgment to submit affirmative evidence demonstrating that there exists a genuine issue of material fact regarding an essential element of the claim. *Celotex,* 477 U.S. at 322. The plaintiff must go beyond the pleadings and "designate 'specific facts' showing that there is a genuine issue for trial." *Id*. at 324. The burden is on the parties to formulate arguments and grounds alleged in the complaint but not relied upon in responding to a motion for summary judgment are deemed abandoned. *See Road Sprinkler Fitters Local Union No. 669 v. Indep. Sprinkler Corp.*, 10 F.3d 1563, 1568 (11th Cir. 1994) (concluding that a district court "could properly treat as abandoned a claim alleged in the complaint but not even raised as a ground for summary judgment."). Because the plaintiff has not responded to the defendant's motion for summary judgment, he has alleged no facts that would support this claim.

More importantly, however, the plaintiff has not named the City of Montgomery, his former employer, as a defendant in this action. It is undisputed that Vardon was not employed by the Employees' Retirement System of the City of Montgomery. Accordingly, he has failed to state a claim against the defendant, and the court concludes that the defendant's motion for summary judgment on this claim is due to be granted.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion for summary judgment be GRANTED, that this case be DISMISSED

with prejudice, and that costs be TAXED AGAINST the plaintiff.  It is further

ORDERED that on or before **June 28, 2012**, the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 14th day of June, 2012.

                                              /s/Charles S. Coody
                                              CHARLES S. COODY
                                              UNITED STATES MAGISTRATE JUDGE